UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO.: 25-1650(DSD/DTS)

Moutazbillah Abdul Sattar,

    Plaintiff,

v.                                         **ORDER**

Hennepin Healthcare System,

    Defendant.

This matter is before the court upon the motions to dismiss by defendant Hennepin Healthcare System (HHS). Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

On March 3, 2025, plaintiff Moutazbillah Abdul Sattar filed two nearly identical complaints alleging employment discrimination by HHS in violation of federal law. One complaint was filed in federal court and the other in state court. The federal complaint, Civil Case No. 25-798, was assigned to Judge Paul A. Magnuson. On March 11, Judge Magnuson dismissed the case as untimely. See ECF No. 3, Civil Case No. 25-798. Sattar appealed and the Eighth Circuit Court of Appeals summarily affirmed Judge Magnuson's decision.

On April 23, 2025, HHS removed the state case to this court. HHS now moves to dismiss under the doctrine of res judicata.

## DISCUSSION

### I.  Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court liberally construes pro se complaints and will dismiss an action only if it appears beyond doubt that the plaintiff "can allege no set of facts which would support an

exercise of jurisdiction." Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985).

**II.  Res Judicata**

The doctrine of res judicata prevents relitigation of claims on grounds that were raised or could have been raised in a prior suit. Banks v. Int'l Union Elec., Elec ., Tech., Salaried and Mach. Workers, 390 F.3d 1049, 1052 (8th Cir. 2004). The preclusive effect of a prior federal court judgment is determined by federal law. Alumax Mill Prods. v. Congress Fin. Corp., 912 F.2d 996, 1012 (8th Cir. 1990).

Res judicata bars a claim if "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." Yankton Sioux Tribe v. U.S. Dept. of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008). All elements of res judicata are satisfied here.

First, Judge Magnuson's dismissal on the merits with prejudice in the first case constitutes a final judgment on the merits. Second, there is no dispute that the first case was based on proper jurisdiction. Third, the parties are identical. Lastly, the claims raised here are the same as those raised in the first case.

To the extent Sattar wishes to raise new arguments to support

his claim, he is barred from doing so. Res judicata applies to all arguments that were or could have been raised in the first case. See Lovell v. Mixon, 719 F.2d 1373, 1376 (8th Cir. 1983) ("[R]res judicata or claim preclusion bars the relitigation of issues which were actually litigated or which could have been litigated in the first suit.").

Nor does the court find that equitable tolling applies due to his attorney's alleged misconduct in the first federal case. The court is unpersuaded that Sattar did not have all of the necessary information to raise such an argument before Judge Magnuson.

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 23] is granted; and
2. This case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 30, 2025      s/David S. Doty
                               David S. Doty, Judge
                               United States District Court